The two courts, one state and one federal, that have addressed the merits of this case have found a violation of the Sixth Amendment guarantee to effective assistance of counsel. Only because of a novel state procedural rule applied for the first time in the appellate case in Mr. Bowen's post-conviction proceedings was the state court's initial grant of relief overturned. However, the novelty of that rule renders it inadequate, and this Court should find that Mr. Bowen suffers no procedural default. What do you mean when you say novelty? I commend you for finding that word as a label to attach to this. But why is this novel? What's so novel about it? It seems to be a well-established and regularly recognized rule, an independent and adequate state ground in your state, is it not? What is novel, Your Honor, is that for the first time in the Bowen appellate decision that the Oregon courts foreclosed the authority of a state circuit court from granting post-conviction relief on a proper post-conviction issue. And when I mean proper, I mean a cognizable post-conviction issue as opposed to one, for example, that could only be raised on direct appeal. Well, I still don't understand what you mean by novel, because it seems that this comes to us as a settled procedural rule in the State that says a failure of this magnitude forecloses you from pursuing an issue. It had not been settled, and I would urge the Court to examine carefully a series of Oregon cases which demonstrate that it had not been established in that way. I thought it was a statute that has been there since 1959. But the Court's previous interpretations of that statute indicated to the circuit court in this case and indicates that the Court did have the authority to grant relief when there has been a showing of ineffective assistance of counsel. But it turns out that that was wrong. And the Court's told us it's wrong, and not because the Court changed its mind so much as they just took a look at the statute and they said, this is the situation. And when the Court announced that opinion in the appellate case of Mr. Bowen's post-conviction appeal, it is the first time that they had established that particular limitation. Is that why you're asking us not to recognize this because it's the first time? That's correct, Your Honor. What happens on the second time? The next time a petitioner or a court were to grant relief on a ground that has not been pled in the petition, that ensuing or subsequent petitioner would run afoul of the Bowen rule. So Bowen wins, but everybody else down the road does not? For this particular situation, that is correct. And tell me what case – I've never run into a case like that before. What's a good case that supports your position? We've cited courts' decisions from other circuits, Your Honor, in our briefs. Let's say the first one loses, but everybody else wins? Which case is that? It would actually be the opposite, Your Honor, that the first one would prevail. The Delvecchio v. Illinois Department of Corrections opinion cited in our opening brief is one such decision where the claim on behalf of the state was that the petitioner could not, in that particular type of proceeding, challenge the actions of the voluntariness of the guilty plea. And the court reviewed the prior Illinois decisions and found that they had not been established. When did your office start representing the defendant? I believe it was in 2001, Your Honor. Well, at the trial, did you represent him? Oh, no. Did you represent him in the state court proceeding? Not at all. Only when you came to federal court, you represented him. Right, after he filed his pro se federal habeas petition, the district court appointed us to represent him. You were appointed by the district court? Yes, Your Honor. Nice. Your Honors, I would, again, ask you to examine the Oregon appellate cases that had predated the Bowen decision, and two of which are actually cited in Bowen, which indicate that the court did have a basis for believing it had the authority to grant the relief. Most instructive of all, Your Honor, is Hunter v. Moss, the Oregon appellate case cited and discussed at length in pages 7 to 8 of our reply brief. In that case, there were two co-defendants convicted of robbery. One of them didn't appeal. One of them appealed and won based on a denial of the motion to suppress evidence. The second petitioner, the one who didn't appeal, filed for post-conviction relief, and based on the fact that the co-defendant had won, the court said fundamental fairness requires me to grant relief to the co-defendant on the same ground. And the court said no. Fundamental fairness is not a basis to grant relief. And in the key passage in that decision, 106 ORAC at 443, the court said the petitioner made no showing that he suffered a substantial denial of his constitutional rights because of ineffective assistance of counsel or that the issue could not have been raised on direct appeal. He is not entitled to relief simply because his brother attained success on appeal. That decision suggests that the court, upon a finding that the petitioner had demonstrated ineffective assistance of counsel, could lead to a grant of relief. Let me go back to Del Vecchio for just a second. In Del Vecchio, as you describe it, you say that the Illinois Supreme Court determined that under Illinois law, his guilty plea had waived his challenge to the voluntariness of his confessions. Was that a holding by the court based on some analysis, or was that the application of a statute? When you say under Illinois law, did they have a statutory basis for that, or was that a new rule that was created in that case by the court? I don't know if there was an Illinois statute that had been the basis for that rule. Because same thing down below, you say in footnote 5, similarly in Hunter v. Duckworth, it appears that the procedural rule relied upon by the Supreme Court of Indiana to default the petitioner's constitutional claim was created in his case. The state court created a new procedural default rule. So that suggests that the court created this for the first time in that case. And so they said, well, that's not adequate and independent. If that's the case in Del Vecchio, I suppose the argument would be that that differentiates it from this case, where the court is simply saying we're dealing with a statute that's been on the books for a long time. Well, it's true in this case that the court does say that in the Bowen decision, page 1160, that it's clear from the provisions of the Post-Conviction Hearing Act that the allegations in the petition frame, and then the court says, indeed limit the issues for determination by the PCR court. Well, that's the first time I submit that the court will find those words, indeed limit, that the prior decisions don't address the issue of the court's ability or authority to grant relief on unfled ground. This might be true, but I'm not sure that that makes it impossible for this to be an adequate and independent state ground. Stemming from statute the way it does of longstanding. But that in conjunction with the court's previous interpretations are what render this Bowen case unique in its particular holding and therefore give it the status of novelty. Again, Your Honor, the two cases that were cited in the Bowen decision are Palmer v. State and Temple v. Zenon. The Palmer case simply holds that an issue that could have been the subject of a direct appeal could not then be cognizable in post-conviction relief. And I believe the error in that case was simply a vagueness challenge, which should have been litigated at the trial court level and then been subject to a direct appeal. Unless there was an ineffectiveness claim that the trial lawyer had failed to raise the vagueness challenge, it could not be cognizable in post-conviction relief. Is there a case in Oregon or in this court that says that a lawyer who doesn't comply with the state procedural rule constitutes incompetency of counsel? Forget the trial. Forget the forget the jury instruction. It confines us solely to the fact that a defendant's appellate lawyer or trial lawyer, if he was a PD, did not comply with the well-established, well-known, everybody-knows Oregon procedural law. Does that constitute ineffective assistance of counsel? Yes, if the error… Is there a case that says that? Yes, I believe that the best case for that proposition is a case involving a failure to comply with the notice requirements of the so-called Rape Shield Law 412. And I believe that the decision… So that would eliminate the rule entirely then, wouldn't it? If you comply with the rule, you can't appeal. If you don't comply with the rule, you've got ineffective assistance of counsel. So, therefore, the rule is meaningless. Well, I believe that if a lawyer did prejudicially neglect to comply with a procedural rule in a trial or appellate setting, that assuming establishment of the prejudice prong, that that would be ineffective assistance of counsel. Counsel, I looked at the petition for post-conviction relief, which is at 38 of the excerpts. And I think it's the one that we're supposed to be looking at. It's the first petition in state court. It lists seven ways in which Bowen says his lawyer rendered ineffective assistance of counsel. It looks like the exhaustive list he thought of at the time, but it doesn't list the way that's before us now. Nothing to suggest it. Nothing like it. Just from a common-sense point of view, even without any new cases, it seems like most any state court would say you had your shot, we entertained a petition for post-conviction relief, we looked at all seven claims of ineffective assistance, plus a whole lot of other claims you made for why you were denied due process of law in your trial and so forth. And that's it. And you only get one trial and one appeal to an intermediate court, one petition to a Supreme Court, one petition for post-conviction relief, one appeal to the intermediate court, one petition to the state Supreme Court. You don't get to start all over again. What was – what's novel? It seems routine. What was novel was that this court looked at all of those grounds, found that they did not warrant the grant of relief, but upon a searching examination of the record, found that the record demonstrated that Mr. Bowen had been denied ineffective – had been denied his guarantee of effective assistance of counsel based on the failure to object to the jury instruction. The state then filed a motion for reconsideration. The court denied that motion. So the purpose of the procedural rule had been met in that the parties had noticed at that point that the issue – the main issue that the court was concerned about. And what happened to that resolution of the case then? The motion for reconsideration at the post-conviction circuit court level was denied, and that's when the state took the appeal to the Oregon Intermediate Appellate Court. And the whole thing was invalidated. That's correct, at the state appellate level. Your time has expired. Let's hear from the other side, and we'll give you a chance to respond. Thank you, Your Honor. May it please the Court, Counsel Ryan Kahn appearing on behalf of the state. Keep your voice up, please. Okay. Sorry about that. See, the problem is you think you're carrying on a conversation with us. You're not. Consider us the jury. You know, and project your voice. Okay. I'll try my best, Your Honor. Here, I thought it was trial tactics training. If you whisper, they'll have to listen really hard, and they'll pay more attention. You're competing with an air conditioning system, which is part of it. We can hear that prominently up here. Okay. Mr. Bornstein has attempted to direct your attention to a series of state court cases that I think actually only serve to confuse the issue and make the issue look a little more convoluted than it really is. Judge Trott, as you were suggesting and asking about, the issue does come down to simply a state statute that has been in effect since 1959, and the statute says if you don't include your claim in your petition for relief, the claim is waived. That's true. The statute was on the books in 1959, but apparently Oregon didn't pay any attention to it until the Bowen case. That's what the other side tells us. Your answer? That's not exactly true. I think probably the reason that the Bowen case is the first time when this came up is probably because the post-conviction court in Bowen, it was the first time that the post-conviction court ignored the plain dictate of the rule, which is if the claim is not in the petition, it's waived. So you're telling us inferentially that the matter was being handled regularly according to the statute, and all of a sudden this is an aberration where the court didn't play by the rules. Exactly. And in the court of appeals decision in Bowen, the court did nothing more than to just straightforwardly apply the statute that had already been there and had been there since 1959. You didn't address Delvecchio in your red brief. Do you have any reaction to Delvecchio as described by counsel in his blue brief? Well, I think Delvecchio, I don't recall specifically the facts of that case, but my recollection is that in that case the court did create what was a new rule and therefore the court may have said that that can't apply because the petitioner in that particular case had no notice of it. Have you read Delvecchio? I think I did at the time I was briefing, but I haven't reviewed it recently, no. Are you sure you're not misleading us when you describe it then? You can't even remember whether you read it? Well, what I said was that was my recollection. I could be wrong. It probably would be better for the court to review it on its own rather than to rely on my statement of Delvecchio. But I think from what the petitioner says in his brief about Delvecchio, it indicates that there was a new rule in that case that had been established, and in this case there was no new rule. The court of appeals simply straightforwardly applied 138550 subsection 3, and its straightforward application doesn't constitute a new rule. And, in fact, in the Vargas case, which is cited at page 16 of the red brief, this court has held that a rule doesn't lose its firmly established nature by virtue of the fact that no court has actually relied upon it and applied it in a specific factual circumstance, so long as the statutory rule itself is clear enough on its face to give notice to the petitioner what the procedural rule is. Was there any appellate holding prior to Bowen and after 1959 that says the statute doesn't mean what it says? Nevertheless, you can go ahead and entertain challenges that weren't identified. No, there's nothing, and nothing to my knowledge. The cases that, largely the cases that the petitioner talks about in his briefs, were applications of 1385503 but in a slightly different context, in all of those cases it's assumed that what primarily would happen in most of those cases was the petitioner didn't include a claim in his original petition for relief. He loses. He comes back and files another, a second petition for relief, and the question becomes was that something that the petitioner couldn't have anticipated, couldn't have raised in his first claim. But still, the baseline understanding in all of those cases is that 138550 subsection 3 stands for the proposition that a claim has to be in the petition for relief or else it's waived. As near as I can tell, the petitioner relies on another statute in the Post-Conviction Relief Act, 138520, and as explained in the red brief in this case, that statute only gives the court the authority to craft a remedy to address a claim that was pleaded. It doesn't give the court any inherent authority to address a claim that wasn't pleaded, and to my knowledge there's nothing in Oregon that would purport to give the post-conviction court authority to address a claim that wasn't pleaded, and that it simply comes down to 138550 subsection 3. What else would you like to tell us? Briefly, I wanted to talk about the Hunter case, which the petitioner mentioned today and is discussed in his reply brief. That case didn't address, and I don't even think cited, 138550 subsection 3. It was a completely different issue. The language that the petitioner is relying on to support his position is at most dictum in that particular case, and so Hunter is distinguishable on that basis. You have no idea what an atomic bomb word dictum is to the Ninth Circuit, but go ahead. We have some judges who think anything they write is like a statute. Oh, okay. It's a subject of great controversy on our court. Right. You can take the label dictum and wipe out anything, so it's an interesting question. Other than that, I don't know that I have too much to add. Thank you, counsel. I appreciate your help. What about that? The idea that Bowen really isn't the first time, it's simply the first time that one of the trial courts went off the tracks and that down routinely in the pits ever since 1959, the courts were regularly looking at the statute and saying it's not there, it's not there, it's out. And that's why Bowen appears when it does, not because it's some new rule, but because that's the first time they were confronted with a court that refused to abide by the statute. The response is that the State cannot merely say it. Under, I believe it's Bennett v. Mueller, this Court's decision elucidating the requirements of the procedural default rule, the State has to show it. Why shouldn't we assume when we read a statute that people acted in accord with law and followed the statute? It seems to me that where you've got a clear statute, making a showing of repeated, continual, routine compliance would likely be impossible because courts would not bother to publish since the issue was open and shut. There's indications from- I mean, we don't ratify statutes. They have a law already. There's indications from the cases that are cited in Bowen and from Bowen that show that it is not as unique a situation as the State asserts. The way people have done this with some California law is they've shown a pattern of cases that go all over the place so that what is said to be the rule was not routinely followed and was routinely not followed. Have I missed something? Is there a pattern like that here? Well, what we see from the Hunter decision, for example, is that a circuit court there granted relief on a particular ground of fundamental fairness, and the court in that case, the appellate court, had to tell the circuit court, can't just do it for that particular ground. It has to be a showing of ineffective assistance of counsel. It is quite likely that this Court read the prior decisions on the scope of the circuit court's authority, found that there was a classic post-conviction issue here, albeit one that was not specifically pled in the amended petition, and found that that showing had resulted in ineffective assistance of counsel to Mr. Bowen and granted relief on that particular ground because no appellate decision had squarely foreclosed that particular decision, that particular outcome, the court genuinely believed it had the authority to do so, and it wasn't until the appellate decision in Bowen that further restricted or limited a circuit court's authority to do what the circuit court here did in granting relief. Thank you, counsel. Thank you both. The case just argued is ordered and submitted. Karen. We'll call the next case, Emiliano Zandro Lerma. Thank you.
judges: Ferguson, Trott, Kleinfeld